# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Terrance Laverne Hunter,<br><br>*Defendant(s)* | Case No. 4:24-mj-70836-MAG |

FILED
May 31 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  11/10/2023  in the county of  Alameda  in the  Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951 | Hobbs Act Robbery<br><br>Max Penalties for § 1951<br>20 years prison<br>$250,000 fine<br>3 years of supervised release<br>$100 special assessment<br>Forfeiture |

This criminal complaint is based on these facts:

See attached affidavit of FBI Special Agent Mikael Bergh.

☑ Continued on the attached sheet.

/s/ *Mikael Bergh*
*Complainant's signature*

FBI Special Agent Mikael Bergh
*Printed name and title*

Approved as to form  /s/ *Zachary Glimcher*
SAUSA ZACHARY GLIMCHER

Sworn to before me by telephone.

Date:  05/31/2024

*Judge's signature*

City and state:  Oakland, CA

Hon. Kandis A. Westmore
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Mikael Bergh, Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), being duly sworn, state:

### I.     INTRODUCTION

1. I submit this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Terrance Laverne Hunter ("HUNTER") for robbery affecting interstate commerce in violation of Title 18, United States Code, Section 1951(a), committed on or about November 10, 2023, in the Northern District of California.

### II.    SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of a securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal law identified above have occurred.

3. I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by reports prepared by officers from the San Leandro Department ("SLPD"), and information provided by records and databases. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

### III.   AFFIANT BACKGROUND

4. I have been employed as a Special Agent of the FBI for approximately twenty years. I am currently assigned to the San Francisco Division, Oakland Resident Agency. My investigative responsibilities are violent crimes, which includes commercial robberies, illicit firearms possession, and carjackings. I received training at the FBI Academy in Quantico,

Virginia, including training on criminal procedure, search and seizure, and violent crimes. During the course of my career with the FBI, I have participated in numerous investigations involving violent and weapons-related crimes, and in the execution of numerous search and arrest warrants relating to such investigations.

5. As an FBI agent, I am authorized to investigate violations of United States law and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States. I am an investigator and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of Federal law, including offenses enumerated in 18 U.S.C. § 1951.

### IV. APPLICABLE STATUTES

6. Title 18, United States Code, Section 1951(a) provides: "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."

7. The elements of 18 U.S.C. § 1951(a) are as follows: (1) the defendant knowingly obtained money or property from or in the presence of a victim, (2) the defendant did so by means of robbery, (3) the defendant believed that the victim parted with the money or property because of the robbery, and (4) the robbery affected interstate commerce.

### V. FACTS SUPPORTING PROBABLE CAUSE

**A.** **November 10, 2023 Robbery**

8. On or about November 10, 2023, HUNTER and an apprehended other, who was

in a wheelchair, entered Nordstrom Rack near 1285 Marina Blvd in San Leandro, CA.[1] A loss Prevention Officer (LP1) observed HUNTER hand a pair of Nike shoes to the apprehended other, who put the shoes on his wheelchair seat and then sat on top of them. LP1 watched them both get in the checkout line, leave without paying, and then move toward the exit.

9. Just outside the store, LP1 intercepted them, identified herself, and asked them to return the shoes. Below is a still from the store's surveillance of HUNTER and the apprehended other leaving and LP1 running to intercept them:



LP1 is on the far-left approaching HUNTER and the apprehended other in the wheelchair.

10. HUNTER and the apprehended other did not cooperate, so LP1 attempted to handcuff the apprehended other. The apprehended other flailed about evasively and scratched LP1's hands, so LP1 grasped the wheelchair to prevent them from leaving. At that point, HUNTER put both of his hands to LP1's neck and shoved her away; she disengaged, and HUNTER and the apprehended other fled in a grey Suzuki sedan. Below is a still of the moment HUNTER put his hands on LP1's neck and shoved her away:

---

[1] The apprehended other is known to law enforcement; however, they are not charged in this complaint.

3



11. San Leandro Police Department officers responded and pursued HUNTER and the apprehended other. Officers eventually stopped the vehicle. HUNTER then exited the vehicle from the passenger side and began to walk away. Officers eventually stopped HUNTER and the apprehended other, holding them for an in-field identification. LP1 came to the scene and positively identified HUNTER and the apprehended other as the two suspects that just robbed Nordstrom Rack.

12. Officers recovered a pair of shoes from the Suzuki and presented them to LP1. LP1 identified the shoes recovered as the ones previously taken from the store. HUNTER and the apprehended other were placed under arrest.

13. Officers read HUNTER his Miranda Rights and he stated that he only went into the store with the apprehended other in order to return a pair of pants. He stated that they were confronted by loss prevention outside of the store, and he did not like the way they were approached. HUNTER stated that the tried to move the apprehended other out of the grasp of loss prevention agents. He denied grabbing LP1 by her throat.

14. SLPD officers also reviewed video surveillance from the Nordstrom Rack, which showed LP1 attempting to stop HUNTER and the apprehended other from leaving with the shoes. The officers observed on the video surveillance HUNTER grabbing LP1 by the throat and shoving her away.

### B. Effect on Interstate Commerce

15. Based on my training, experience, and research, I know that Nordstrom Rack is a national chain of department stores, headquartered in Seattle, Washington. The department store chain has franchises across the United States, which conduct interstate commercial transactions. Accordingly, there is probable cause that HUNTER's robbery of the Nordstrom Rack in San Leandro on or about November 10, 2023, affected interstate commerce.

16. Your affiant spoke to the Loss Prevention Lead Agent for the Nordstrom Rack located at 1285 Marina Blvd in San Leandro, CA, who provided that the shoes stolen by HUNTER and the apprehended other were a pair of white and royal blue Nike Court Vision Low sneakers. These sneakers had been manufactured in Vietnam. Thus, in order for the shoes to be sold in California, they had to travel from Vietnam, thus affecting foreign and interstate commerce.

//
//
//
//
//
//
//
//
//
//
//

## VI.    CONCLUSION

17.    On the basis of my participation in this investigation and the information summarized above there is probable cause to believe that on or about November 10, 2023, in the Northern District of California, Terrance Laverne HUNTER, knowingly obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), to wit, HUNTER committed a robbery of a Nordstrom Rack department store engaged in interstate commerce, in violation of Title 18, United States Code, Section 1951(a).

        /s/ *Mikael Bergh*
MIKAEL BERGH
Special Agent
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this  31st   day of May 2024.

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge